UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                                                                DECISION AND ORDER
          v.                                            03-CR-146A

JOHN ORTEGA,

                           Defendant.

---

        On July 31, 2003, defendant John Ortega, pursuant to a waiver of indictment and a written plea agreement, pleaded guilty to a one-count information charging a violation of 18 U.S.C. § 922(g). The presentence investigation report recommended that the defendant receive a four-level enhancement under United States Sentencing Guidelines ("U.S.S.G.") § 2K2.1(b)(5) for possessing a firearm "in connection with" the commission of another felony. Both the defendant and the government objected to the application of this enhancement. At sentencing on November 5, 2003, the Court applied the § 2K2.1(b)(5) enhancement, denied defendant's motion for a downward departure based on extraordinary rehabilitation, and sentenced the defendant principally to 57 months' imprisonment.

        Defendant appealed his sentence to the United States Court of Appeals for the Second Circuit. On October 4, 2004, the Second Circuit affirmed the Court's application of the § 2K2.1(b)(5) enhancement, but held the mandate pending the United States Supreme Court's decision in the cases of <u>United States v. Booker</u> and <u>United</u>

States v. Fanfan. Once the Booker/ Fanfan decision was issued, 125 S. Ct. 738 (2005), and after the Second Circuit issued its decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the Second Circuit issued a mandate remanding the case to this Court in light of those two decisions. The mandate was received and docketed by this Court on April 22, 2005.

On May 23, 2005, the defendant filed a memorandum requesting resentencing to a non-guideline sentence. On June 3, 2005, the government filed a memorandum opposing defendant's request. Oral argument on defendant's request was held on June 8, 2005.

After considering the currently applicable statutory requirements as explicated in Booker/Fanfan and Crosby, along with the written submissions of the parties, and after hearing argument from counsel, the Court denies defendant's request for resentencing. Applying the factors in 18 U.S.C. § 3553(a) to the facts and circumstances existing at the time of the original sentence, the Court finds that it would not have imposed a materially different sentence, even if the original sentencing had occurred under the post-Booker/Fanfan regime.

IT IS SO ORDERED.

/s/ Richard J. Arcara
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: October 21    , 2005